## Gingrich v. Gingrich

*L. Ehrman Meyer,* for libellant.
*Clarke M. Seltzer,* for respondent.

EHRGOOD, P. J., March 24, 1943.—Libellant, on April 17, 1942, filed his libel in divorce alleging that his wife, respondent, offered such indignities to the person of libellant as to render his condition intolerable and his life burdensome. After service of the subpœna in divorce, respondent filed an answer admitting the marriage between the parties, and denying the charge that she offered the indignities complained of. Respondent also filed a petition for alimony pendente lite and counsel fees and expenses and, pursuant to the prayer thereof, this court on October 12, 1942, made its order granting respondent alimony pendente lite, counsel fees, master's fees, and stenographer's fees, all of which fees and alimony have been paid by libellant since the making of said order. A master in divorce was duly appointed by the court, and hearings were held, at which testimony was taken on behalf of libellant and respondent. The master filed his report setting forth his findings of fact and conclusions of law, and recommending to the court that the decree in divorce be refused, and the libel be dismissed. Libellant filed exceptions to the master's report and also a rule for final decree a. v. m., to which respondent filed

an answer. After hearing of argument on the exceptions, but before an opinion disposing of them was filed, libellant filed a petition for leave to withdraw his action. On January 25, 1943, libellant filed an amended petition for rule to withdraw action, setting forth the following reasons:

"(1) Because all the charges of misconduct alleged in the entire proceeding were unilateral, all being charged to the respondent, the most serious of which were not denied by her.

"(2) Because no scandalous allegations were made against the respondent which would entitle her to an opportunity to be vindicated from the same.

"(3) Because on previous occasions of misconduct of the respondent, which resulted in separation, reconciliation was entered into by the libellant although admittedly the fault was exclusively that of the respondent. Because the respondent, previous to the bringing of this action, specifically refused to talk to the libellant except through the medium of her attorney, thus closing the door to reconciliation. . . .

"(4) Because the respondent expressly and specifically assured the libellant before this action was brought that she would not defend a divorce action, using these words: 'I'll give you a divorce but all I ask is that you do not act hastily.' It was with this assurance that the action was brought by the libellant. The libellant's reply to this statement was: 'You can't give me a divorce if you wanted to. They are not obtained that way.' This testimony was heard at the hearing before the master but inadvertently was missed by the stenographer, he apparently regarding it as one of the numerous 'off the record' statements. Except for this assurance by respondent, unsolicited, this action would not have been brought."

On January 26, 1943, libellant filed another amended petition for rule to withdraw action containing additional reasons, as follows:

"(5) Because the respondent will suffer no disadvantage by the granting to the petitioner of permission to discontinue his action and because there are no public interests involved in the action other than in any ordinary divorce action.

"(6) Because, the procedure being new, it being the first proceeding before a divorce master in this county, so far as is known to your petitioner, the libellant was unprepared for presenting evidence in the manner called for by the master, and by reason of the novelty, confusion, and informality of the proceeding failed to have much of his testimony entered upon the record. This failure was due in large part to the inability of the court stenographer to distinguish 'off' and 'on the record' discussions on account of the disorder that marked the entire proceeding. That by reason of these omissions, failures and misunderstandings, large parts of the evidence have been totally omitted from the record and the court stenographer entertains grave doubts whether the case as recorded represents a true picture of the testimony. If the case is acted upon, finally, on the present condition of the record, libellant's cause will be greatly prejudiced. Wherefore libellant prays your Honor for leave to withdraw the present action and proceed with one in which his cause will be fairly represented, he paying all costs incidental to this proceeding.

"(7) The entire proceeding before the Master was chaotic and disorderly; much sarcastic comment, off the record, including joking about the testimony and jesting in general, were tolerated and indulged in gleefully, counsel for the respondent being one of the chief offenders. The entire proceeding lacked the fairness, order, and decorum that a fair hearing of a serious matter such as the one at issue merited. The libellant is entitled to a hearing such as is anticipated by the sanctity of the subject matter involved. For this reason he asks that he be granted a proper day in court."

Respondent filed an answer to the two amended petitions for the allowance of the withdrawal of the action. The matter, therefore, before the court, is whether, under the circumstances presented of record, permission for withdrawal of the divorce action be granted to libellant.

The legal cause alleged in the libel, and the testimony taken before the master, does not affect the reputation or standing of respondent. The report of the master specifically indicates that libellant did not make out a case of indignities so as to entitle him to a divorce. While the master's findings of fact in a divorce action are not binding upon the court, and not entitled to the credit of a verdict by a jury, they are nevertheless entitled to the fullest consideration by the court. And while petitioner does not specifically admit that he has not produced evidence to sustain his charges of indignities, the state of the record leads the court to the conclusion that the compelling reason for asking leave to withdraw is for the reason that libellant finds he has not made out a case. This conclusion is particularly justified in view of the sixth and seventh reasons alleged by petitioner.

The law applicable to the disposition of the question before the court appears to be set forth in 19 C. J. 147, §374, as follows:

"While an application to discontinue [a divorce proceeding] is addressed to the sound discretion of the court, ordinarily where no cross bill has been filed complainant may at any time prior to a decree have the bill dismissed, and a discontinuance will not be refused where the cause of action is desertion. Since, however, the public is to be regarded as a quasi third party, it has been held that the right to a discontinuance which controls in ordinary actions, is not to be strictly applied in actions for divorce. Thus a discontinuance should not be granted where the marriage of the parties is in issue, where it will operate to the prejudice of

third persons, or where defendant will thereby suffer a disadvantage, as where defendant has filed a counter-claim asking for affirmative relief, although, according to some authorities, a complainant should be allowed to dismiss at any time before decree notwithstanding defendant has filed a cross bill asking affirmative relief. So it has been held that leave to discontinue should not be granted where adultery is charged . . ."

The question as to when leave to discontinue divorce actions will be granted does not seem to have been passed upon by the appellate courts of this Commonwealth. However, the question has been decided by the lower courts of Pennsylvania, and those decisions seem to be in accord with the foregoing statement of the law applicable thereto. See Wurst v. Wurst, 14 Dist. R. 682, Schwindt v. Schwindt, 23 Dist. R. 506, Murphy v. Murphy, 8 Phila. 357, and also the recent case of Crosby v. Crosby, 42 D. & C. 452, 453, where it is held:

"The court will not refuse an application to dismiss unless defendant will thereby suffer a disadvantage or unless the public has an interest in the action . . ."

In the case before the court no public interest is involved, and the legality of the marriage is not attacked, nor is there a charge of adultery. Respondent has not filed an answer asking affirmative relief and would not suffer a *legal disadvantage* by reason of a dismissal under the pleadings and circumstances in this case. We fail to see how respondent in this case will suffer any disadvantage by the discontinuance. She says that she did not offer indignities to the person of libellant, and his petition to withdraw the proceedings under the findings of the master is an admission of her allegation rather than a denial of it.

And now, to wit, March 24, 1943, it is ordered and decreed that libellant be granted leave to discontinue and withdraw his action of divorce upon payment of all costs, counsel fees, alimony pendente lite, and expenses involved in this proceeding.